**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:**

**TERRENCE TAYLOR**,

      Plaintiff,

v.

**THIRD CENTURY DEVELOPMENT CORPORATION**,
d/b/a Cherry Village Apartments,
a Florida corporation,
**BETTY D WALKER**,
individually,

      Defendants.

_____/

**<u>COMPLAINT</u>**

      Plaintiff, Terrence Taylor ("Taylor"), under the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Third Century Development Corporation (d/b/a Cherry Village Apartments) ("Cherry Village") and Betty D Walker ("Walker"), and alleges, as follows:

**<u>PARTIES, JURISDICTION, AND VENUE</u>**

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. Cherry Village is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

3. Walker is *sui juris*, a resident of Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

4. Taylor is *sui juris*, a resident of Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. Upon information and belief, the annual gross revenue of Cherry Village was at all times material hereto, in excess of $500,000.00 per annum.

7. At all material times hereto, Cherry Village was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, Cherry Village operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by Cherry Village, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, Cherry Village is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

11. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce.

12. Upon information and belief, Walker is the president of Cherry Village and has economic and day-to-day control of Cherry Village, and of the nature and structure of Plaintiff's employment relationship with Cherry Village and is therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. Upon information and belief, Cherry Village employed Plaintiff as a maintenance worker for eight (8) years.

14. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA, entitled to overtime compensation at time and one half of his regular rate.

15. Throughout his employment with Cherry Village, Plaintiff routinely worked in excess of forty (40) hours per week.

16. Specifically, Plaintiff worked an average of 4.33 hours of overtime per week.

17. Defendants failed/refused to pay to Plaintiff the required overtime wages as required by the FLSA.

18. Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours worked by him.

3

19. Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

20. Additionally, Plaintiff was misclassified as a 1099 independent contractor instead of a W2 employee.

21. Also, on September 25, 2019, in retaliation for Plaintiff's complaints about FLSA violations, such as overtime and misclassification, Defendants terminated his employment.

22. As a result of Defendants' actions, Plaintiff has suffered damages and is entitled to receive compensation.

23. Plaintiff has complied with all conditions precedent to filing this action.

**PRE-SUIT DEMAND**

24. On July 29, 2019, Plaintiff through his undersigned counsel, sent to Cherry Village a written pre-suit demand regarding the violations of the FLSA, and requesting that they pay the amounts owed to Plaintiff, but Cherry Village failed/refused to do so.

**COUNT I**
**OVERTIME (FLSA)**
**AGAINST CHERRY VILLAGE**

25. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

26. This is an action against Cherry Village for overtime compensation pursuant to 29 U.S.C. § 216(b).

27. Plaintiff routinely worked in excess of forty (40) hours per week for Cherry Village.

28. Specifically, Plaintiff worked an average of 4.33 hours of overtime per week for Cherry Village.

29. Plaintiff was a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

30. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

31. Cherry Village failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

32. At all material times, Cherry Village knew or should have known that such refusal and/or failure is prohibited by the FLSA.

33. Notwithstanding, Cherry Village intentionally and willfully violated the FLSA, as cited herein.

34. At all material times, Cherry Village failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

35. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### COUNT II
### OVERTIME (FLSA)
### AGAINST WALKER

36. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

37. This is an action against Walker for overtime compensation pursuant to 29 U.S.C. § 216(b).

38. Plaintiff routinely worked in excess of forty (40) hours per week for Walker.

39. Specifically, Plaintiff worked an average of 4.33 hours of overtime per week for Walker.

40. Walker had day-to-day and operational control of Plaintiff and his compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

41. Plaintiff was a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

42. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

43. Walker failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

44. At all material times, Walker knew or should have known that such refusal and/or failure is prohibited by the FLSA.

45. Notwithstanding, Walker intentionally and willfully violated the FLSA, as cited herein.

46. At all material times, Walker failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

47. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**COUNT III**
**MISCLASSIFICATION (FLSA)**
**AGAINST CHERRY VILLAGE**

48. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

49. Although Plaintiff was designated as an independent contractor by Cherry Village, he was in fact an employee.

50. Pursuant to the FLSA, employers must appropriately classify and compensate all employees.

51. Plaintiff was dependent on Defendants' business and was a permanent employee who served Defendants' business.

52. Plaintiff is unequivocally entitled to all legal benefits and protections provided to employees under federal law and the FLSA, including but not limited to, minimum wages, overtime rates, etc., that he did not receive due to Cherry Village's willful misclassification.

53. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**COUNT IV**
**MISCLASSIFICATION (FLSA)**
**AGAINST WALKER**

54. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

55. Although Plaintiff was designated as an independent contractor by Walker, he was in fact an employee.

56. Pursuant to the FLSA, employers must appropriately classify and compensate all employees.

57. Plaintiff was dependent on Defendants' business and was a permanent employee who served Defendants' business.

58. Plaintiff is unequivocally entitled to all legal benefits and protections provided to employees under federal law and the FLSA, including but not limited to, minimum wages, overtime rates, etc., that he did not receive due to Walker's willful misclassification.

59. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**COUNT V**
**RETALIATION (FLSA)**
**AGAINST CHERRY VILLAGE**

60. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

61. This is an action against Defendant for retaliation based on Plaintiff's lawful opposition to Cherry Village's unlawful employment practices, specifically retaliation in response to

Plaintiff's valid claims of overtime violations and misclassification, in violation of § 215(a)(3) of the FLSA.

62. Cherry Village unlawfully failed/refused to compensate Plaintiff for his overtime hours worked, in violation of 29 U.S.C. § 207(a).

63. Also, Cherry Village failed to appropriately classify Plaintiff as an employee.

64. As a result of these FLSA violations, Plaintiff demanded to be compensated.

65. Subsequently, on September 25, 2019, Defendant unlawfully terminated Plaintiff's employment in retaliation for his FLSA claims.

66. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**COUNT VI**
**RETALIATION (FLSA)**
**AGAINST WALKER**

67. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

68. This is an action against Defendant for retaliation based on Plaintiff's lawful opposition to Walker's unlawful employment practices, specifically retaliation in response to Plaintiff's valid claims of overtime violations and misclassification, in violation of § 215(a)(3) of the FLSA.

69. Walker unlawfully failed/refused to compensate Plaintiff for his overtime hours worked, in violation of 29 U.S.C. § 207(a).

70. Also, Walker failed to appropriately classify Plaintiff as an employee.

71. As a result of these FLSA violations, Plaintiff demanded to be compensated.

72. Subsequently, on September 25, 2019, Defendant unlawfully terminated Plaintiff's employment in retaliation for his FLSA claims.

73. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

74. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Terrence Taylor, respectfully requests that judgment be entered in his favor against Defendants Cherry Village Apartments and Betty D Walker. Plaintiff is entitled to legal and equitable relief including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of unpaid wages, additional amounts such as liquidated damages, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of December 2019.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172

*Attorneys for Plaintiff*
