UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-25012-CIV-UNGARO/O'SULLIVAN

TERRENCE TAYLOR,

    Plaintiff,

v.

THIRD CENTURY DEVELOPMENT CORPORATION
d/b/a Cherry Village Apartments, a Florida Corporation,
and BETTY D. WALKER, individually,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE

THIS MATTER came before the Court on the parties' Joint Motion to Settlement, Dismissal with Prejudice and Request for Expedited Ruling (DE# 40, 3/27/2020). After denying the motion for an *in camera* inspection of the parties' settlement agreement, this matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro in accordance with 28 U.S.C. § 636(b) to schedule a status conference to review the terms of the settlement agreement in open court. (DE# 42, 3/31/2020). The Court conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves claims for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA

provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide factual dispute over the number of hours for which the plaintiff was not properly compensated. The terms of the settlement were announced on the record in open Court. The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice and that the Court **retain jurisdiction until November 20, 2020** to enforce the terms of the settlement. The parties consent to magistrate judge jurisdiction for any further matters in this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this **6th** day of April, 2020.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE